USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
NOEL P. ADIA,

                               Plaintiff,                    17 Civ. 9349 (LGS)

             -against-                         ORDER

GRANDEUR MANAGEMENT, INC., et al

                              Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS the Order dated October 10, 2019, (Dkt No. 38) directed Plaintiff to file (1) a letter regarding the request to file a proposed amended complaint, the reasons therefor, and why any additional claims or causes of action are not barred by the statute of limitations and (2) a redline version of the proposed amended complaint. The Order also directed Defendants to file a response to Plaintiff's letter;

      WHEREAS, Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend should be freely given, though the Court may deny it for good cause, including "when amendment would be futile."

      WHEREAS, the letters and proposed amended complaint were timely filed. (Dkt Nos. 39, 40). The proposed amended complaint contains three new causes of action under New York Labor Law for which the statute of limitations is six years, and alleges (1) failure to pay spread-of-hours wages, (2) failure to provide wage notice at the time of hiring, which allegedly occurred "sometime in late August 2011" (Dkt 39-1 ¶ 43), and (3) failure to provide proper wage statements;

      WHEREAS, a violation of New York Labor Law § 195.1(a) occurs if the employer fails

to provide adequate notice "at the time of hiring." N.Y.L.L. § 195.1(a). The proposed amended complaint alleges that Plaintiff began work "sometime in late August 2011." Dkt 39-1 ¶ 43.

WHEREAS, Federal Rule of Civil Procedure 15(c)(2) provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Lehman XS Trust, Series 2006-GP2 by U.S. Bank National Assoc. v. GreenPoint Mortgage Funding Inc.*, 916 F.3d 116, 128 (2d Cir. 2019). "'For a newly added action to relate back, the basic claim must have arisen out of conduct set forth in the original pleading.'" *Avila v. Riexinger & Associates, LLC*, 644 F.App'x 19, 23 (2d Cir. 2016) (quoting *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006));

WHEREAS, the initial Complaint was filed November 29, 2017 (Dkt. No. 1). The Complaint therefore contains timely allegations under New York Labor Law about Plaintiff's employment from November 29, 2011, through February 2012, to the extent the new claims "relate back" to the time of the filing of the original Complaint.

WHEREAS, the original complaint alleges facts regarding the number of hours Plaintiff worked for Defendants and Plaintiff's work conditions. *See* Dkt No. 1 ¶¶ 2, 30, 31, 38, 39, 40, 42, 48. Accordingly, the new causes of action for failure to pay spread-of-hours wages, and failure to provide proper wage statements relate back and are timely to the extent they occurred on or after November 29, 2011. The cause of action for failure to provide wage notice at the time of hiring, which allegedly occurred "sometime in late August 2011" (Dkt 39-1 ¶ 43), does

not relate back, is not timely and would be futile if filed.

**ORDERED** that Plaintiff's application to file an amended complaint is GRANTED IN PART. By **December 18, 2019**, Plaintiff may file the proposed amended complaint, except that it shall not include a cause of action for failure to provide wage notice at the time of hiring, and shall not include any claim for damages under the New York Labor Law for conduct prior to November 29, 2011.

Dated: December 3, 2019
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**